## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE | : | |
| COMPANY IN THE CITY OF NEW YORK | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.  07-511-LPS |
| v. | : | |
| | : | |
| JAMES R. WITHROW and | : | |
| MYUNG PHAM LEGRO | : | |
| | : | |
| Defendant. | : | |

### ANSWER TO INTERPLEADER COMPLAINT

Defendant Myung Pham LeGro, ("LeGro") by and through her undersigned counsel, hereby answers the complaint in this action as follows:

1.　　On or about August 21, 2007 Plaintiff The United States Life Insurance Company in the City of New York ("US Life") initiated this action by interpleader complaint pursuant to Fed. R. Civ. P. 22 and 28 USC § 1335.

2.　　On or about November 28, 2007 this Court entered an order granting US Life's motion to deposit funds with the clerk and requiring defendants Legro and James R. Withrow ("Withrow" and collectively with Legro, "Defendants"), to file an answer establishing why it has the right to the proceeds of Lisa P. Withrow's ("Decedent") life insurance policy (the "Policy").

3.　　LeGro is the sister of Decedent and Legro provided care and comfort to Decedent prior to her death.

4.　　Prior to her death, Decedent requested a Group Life Insurance Beneficiary Designation Form (the "Designation Form") from her employer Playtex Products, Inc. ("Playtex").

5.      Thereafter, a representative from Playtex delivered the Designation Form to the Decedent.

6.      Decedent executed the Designation Form with LeGro as the 100% primary beneficiary of the Policy.

7.      Decedent was competent to execute the Designation Form and did so of her own free volition and in the presence of witnesses.

8.      LeGro has the sole right to the proceeds of the Policy because the Decedent designated LeGro as the 100% primary beneficiary of the Policy.

WHEREFORE, Defendant Myung Pham LeGro requests that this Court enter an Order,

a.      Declaring that Defendant James R. Withrow has no claim to the Policy benefits, and that Defendant Myung Pham LeGro is the sole beneficiary under the Policy and entitled to receive the benefits;

b.      Awarding LeGro compensatory damages against Defendant James R. Withrow, to include the costs of delay and the costs of this proceeding, including counsel fees, as well as any other compensatory damages proved at trial;

c.      Awarding such other relief as the Court deems just and proper.

**FOX ROTHSCHILD LLP**

/s/ Seth A. Niederman, Esquire
Seth A. Niederman, Esquire (No. 4588)
919 N. Market Street, Suite 1300
P.O. 2323
Wilmington, DE  19899-2323
Tel: (302) 622-4238 / Fax: (302) 656-8920
sniederman@foxrothschild.com

*Attorneys for Defendant,*
*Myung Pham Legro*

Dated: December 7, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certify that two (2) copies of the attached pleading were served this 7th day of December, 2007 on the following individuals by First Class Mail, postage prepaid:

> Carolyn S. Hake, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, Delaware  19899
>
> Kevin A. Guerke, Esquire
> SEITZ VAN OGTROP & GREEN, P.A.
> 222 Delaware Avenue, Suite 1500
> P.O. Box 68
> Wilmington, Delaware  19899

/s/  Seth A. Niederman, Esquire
Seth A. Niederman, Esquire (No. 4588)