# IN THE UNITED STATES DISTRICT FOR THE
## DISTRICT OF DELAWARE

THE UNITED STATES LIFE INSURANCE     §
COMPANY IN THE CITY OF NEW YORK,     §
    §
       Plaintiff,     §
    §     C.A. No. 07-511-LPS
       v.     §
    §
JAMES R. WITHROW and     §     JURY TRIAL OF 12
MYUNG PHAM LEGRO,     §     DEMANDED
    §
       Defendants.     §

## JAMES R. WITHROW'S OPENING BRIEF IN SUPPORT OF HIS
## MOTION TO ENFORCE STIPULATED JUDGMENT AND ORDER

JAMES S. GREEN (DE 0481)
KEVIN A. GUERKE (DE 4096)
**SEITZ, VAN OGTROP & GREEN, P.A**.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorneys for Defendant
James R. Withrow

DATED: December 10, 2007

**TABLE OF CONTENTS**

**page**

TABLE OF CITATIONS. ................................................................................. ii

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS .............. 1

II.   SUMMARY OF ARGUMENT ............................................................. 2

III.  STATEMENT OF FACTS ................................................................. 3

IV.   ARGUMENT. ............................................................................... 7

      STANDARD OF REVIEW. ............................................................... 7

      THE STIPULATED JUDGMENT AND ORDER IS A VALID AND
      ENFORCEABLE SETTLEMENT AGREEMENT. ............................................. 7

      MR. WITHROW SHOULD BE AWARDED ATTORNEYS' FEES. ................. 9

V.    CONCLUSION ............................................................................. 11

## TABLE OF CITATIONS

C<small>ASES</small>

Hobbs & Company, Inc. v. American Investors Management, Inc.,
   576 F.2d 29 (3rd Cir. 1978) ............................................................................ 7

In re Elonex Phase II Power Management Litigation,
   2003 WL 21460391 (D. Del. 2003) .......................................................... 7, 9

Leonard v. University of Delaware,
   204 F. Supp. 2d 784 (D. Del. 2002)....................................................... 7, 10

Liberate Technologies LLC v. Worldgate Communications, Inc.,
   133 F.Supp.2d 357 (D. Del. 2001)................................................................ 8

Read v. Baker,
   438 F.Supp. 732 (D. Del. 1977)................................................................... 8

Rowe v. Rowe,
   2002 WL 1271679 (Del. Ch. 2002) ............................................................. 8

Tierman v. Deroe,
   923 F.2d 1024 (3rd Cir. 1991) ................................................................... 7

I.      **STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

On August 21, 2007, United States Life Insurance Company in the City of New York ("US Life") filed an Interpleader Complaint. (D.I. 1)  On August 27, 2007, US Life filed a Motion Authorizing Payment of Funds into Court.  On October 26, 2007, US Life filed a Stipulated Judgment and Order executed by all of the parties.  On November 21, 2007, the parties consented to this Court's jurisdiction.  On November 28, 2007, the Court ordered the deposit of interpleader funds and ordered Defendants to interplead.  On December 7, 2007, both defendants filed Answers to the Interpleader Complaint and James R. Withrow ("Mr. Withrow") filed a Crossclaim.

**II.     SUMMARY OF ARGUMENT**

The Stipulated Judgment and Order Myung Pham LeGro signed is a valid

settlement agreement that this Court should enforce to end this case.

### III.    STATEMENT OF FACTS

Lisa P. Withrow ("Mrs. Withrow") was employed by Playtex Products, Inc. ("Playtex") prior to her death on May 24, 2007.  (Complaint ¶2)  As part of Mrs. Withrow's Playtex benefits, US Life issued a life insurance policy to her in the amount of $36,400.00 ("Policy"). (Complaint ¶2) Mr. Withrow was Mrs. Withrow's husband.  He was the sole primary beneficiary of the Policy until May 23, 2004 – the day prior to Mrs. Withrow's death.  (Complaint ¶3)  On that date, Myung Pham LeGro ("LeGro"), Mrs. Withrow's sister, was purportedly named Mrs. Withrow's sole primary beneficiary in place of Mr. Withrow.  (Complaint ¶4)  Mr. Withrow thereafter notified US Life that he intended to challenge LeGro's claim to the Policy proceeds and Mrs. Withrow's competency to execute such a document considering her physical and mental condition. (Complaint ¶11)

After it became clear Mr. Withrow intended to challenge LeGro's actions surrounding the change of beneficiary, LeGro informed US Life that she wanted to settle, relinquishing any rights to the Policy.  US Life then drafted a Stipulated Judgment and Order ("Stipulation") and circulated the draft to Mr. Withrow and LeGro on September 19, 2007.  A true and correct copy of a September 19, 2007 email is attached hereto as Exhibit "A".  Mr. Withrow's only request related to the Stipulation was a reduction in US Life's award of attorney's fees, to which US Life agreed.  A true and correct copy of a September 21, 2007 email is attached hereto as Exhibit "B".

US Life sent LeGro the Stipulation under separate cover on September 21, 2007, reflecting a 50% reduction in attorneys' fees.  A true and correct copy of US Life's September 21, 2007 letter is attached as Exhibit "C".  US Life stated that it was its

62311 v1

understanding that LeGro wanted to enter into the Stipulation.  US Life also advised LeGro to obtain an attorney.

LeGro responded to US Life by letter on September 27, 2007.  A copy of the September 27, 2007 letter is attached hereto as Exhibit "D".  She stated "I have told you that I intend to relinquish my right as beneficiary of my late sister's insurance policy, and I still plan to do so."  In that letter, LeGro sought assurance from US Life that the "5/23/07" date on the insurance form was written on the original document.  She also wrote, "I do not want to fight for this money, to endure the stress of a trial far from my home, or to see Mr. Withrow or Delaware ever again."

US Life responded by letter dated October 4, 2007, stating "US Life is not in the position to provide any assurances to either Mr. Withrow or you in this matter."  A true and correct copy of the October 4, 2007 letter is attached hereto as Exhibit "E".  Related to the Stipulation US Life wrote:

> Furthermore, the enclosed Stipulated Judgment and Order was drafted entirely because you (and your husband) indicated to me that you no longer wanted to challenge Mr. Withrow's claim to the Proceeds.  Based upon those telephone conversations, it was my understanding that you wished to enter into this arrangement.  If you no longer wish to sign the Stipulated Judgment and Order, which is entirely your prerogative, this litigation will be necessary to resolve the competing disputes over the Proceeds to the Policy.

US Life again suggested LeGro retain counsel.  In the October 4, 2007 letter, US Life enclosed the Stipulation identical to the one circulated  on September 21, 2007.

LeGro signed the Stipulation after receiving US Life's October 4, 2007 letter. She agreed to settle the dispute.  Mr. Withrow and US Life also executed the Stipulation.

US Life filed the Stipulation with the Court on October 26, 2007. (D.I. 11)  A true and correct copy of US Life's October 26, 2007 letter and the signed Stipulation is attached as Exhibit "F".  Specifically, LeGro agreed to have judgment entered in Mr. Withrow's favor.  LeGro agreed that the full amount of the Policy, less attorneys' fees, would be dispersed to Mr. Withrow solely.  She further agreed that the "entry of this Stipulated Judgment shall constitute a final judgment in this action, provided however that the Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment among the parties."

A previously scheduled teleconference with the Court was held on October 31, 2007. (D.I. 12)  The Court notified LeGro of the teleconference and US Life set up the call. A true and correct copy of US Life's October 12, 2007 letter is attached hereto as Exhibit "G".  Presumably because she signed the Stipulation and believed the case was over, LeGro did not participate in the teleconference.  During that teleconference, the Court raised the issue of the parties' consent to its jurisdiction.

After the teleconference, US Life sent a letter to LeGro summarizing the teleconference.  A true and correct copy of the November 9, 2007 letter is attached hereto as Exhibit "H".  US Life reiterated that "the Stipulated Judgment and Order was drafted entirely because you (and your husband) indicated to me that you no longer wanted to challenge Mr. Withrow's claim to the Proceeds".

Between November 9, 2007 and the date the parties consented to this Court's jurisdiction, November 21, 2007, LeGro indicated to US Life that she changed her mind. She retained counsel on November 29, 2007.  She filed an Answer to the Complaint claiming she has the sole right to the proceeds of the Policy.  This is Mr. Withrow's

Motion to Enforce the Stipulated Judgment and Order that was fully executed by all the parties and filed with the Court.

## IV.     ARGUMENT

### Standard of Review.

It is well established that this Court has the power to summarily enforce settlement agreements.   Hobbs & Company, Inc. v. American Investors management, Inc., 576 F.2d 29 , 33 (3rd Cir. 1978).  A motion to enforce a settlement agreement closely resembles a motion for summary judgment, therefore, a similar standard applies. Tierman v. Deroe, 923 F.2d 1024, 1031 (3rd Cir. 1991). "The court must treat all the non-movant's assertions as true, and 'when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.'" In re Elonex Phase II Power Management Litigation, 2003 WL 21460391 (D. Del. 2003).

### The Stipulated Judgment and Order is a Valid and Enforceable Settlement Agreement.

The Stipulation is a valid, enforceable contract to settle this case because LeGro and the other parties reached a definite agreement on all the essential terms.  She intentionally breached the Stipulation when she answered the Complaint and asserted a claim over the Policy proceeds.  LeGro's breach of the Stipulation should not be permitted and judgment should be entered on the terms of the Stipulation.

"It is well-settled that the Court has jurisdiction to enforce a settlement agreement entered into by the parties in a case currently pending before it." Leonard v. University of Delaware, 204 F. Supp. 2d 784, 787 (D. Del. 2002) (citations omitted).  The Court's authority "to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation. Liberate Technologies LLC v. Worldgate Communications, Inc., 133

F.Supp.2d 357, 358 (D. Del. 2001)(citations omitted).  When considering a motion to enforce, the Court must determine whether the settlement agreement at issue is an enforceable contract under Delaware law. <u>Leonard</u>, 204 F. Supp. 2d at 787. "Under Delaware Law a contract 'comes into existence if a reasonable person would conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound by their agreement on all essential terms.'" <u>Id</u>.

LeGro agreed to the terms of the Stipulation, which were very basic.  "When parties agree to settle a lawsuit, a binding contract is deemed to have been created." <u>Rowe v. Rowe</u>, 2002 WL 1271679, *3 (Del. Ch. 2002)(citations omitted) (enforcing an oral agreement to settle).  LeGro agreed that judgment would be entered in Mr. Withrow's favor.  LeGro agreed all the proceeds of the Policy, less $1,425.00 in attorneys' fees, would be disbursed solely to Mr. Withrow.  She agreed that US Life would be discharged from any potential liability related to the Policy.  And, LeGro agreed the Court would have jurisdiction to enforce the Stipulation.

LeGro initiated the agreement and is bound by its terms. "'[A]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.'" <u>Read v. Baker</u>, 438 F.Supp. 732, 735 (D. Del. 1977)(citation omitted).  "Such a settlement is enforceable summarily, upon motion, by a district court in a case pending before it." <u>Id</u>.  The Stipulation was written in plain English without any legalese.  Anyone would understand the terms

Moreover, US Life, a neutral party in the dispute between LeGro and Mr. Withrow, explained the Stipulation to LeGro and her husband, a retired colonel in the

military, on several occasions both over the telephone and in writing. (Exhibits "C" and "E") US Life advised LeGro to retain counsel at least twice before she executed the Stipulation. LeGro had ample time to consider the written terms. She received the original version over a month before she signed it. LeGro had every opportunity to review the Stipulation and to discuss it with anyone she chose. She was given the opportunity to retain counsel to assister her. She decided to execute the Stipulation without alteration and return it to US Life for filing. As evidence of her assent to the terms, she failed to appear for the Court ordered teleconference because she believed the case was over.

The Court should not sanction LeGro's attempt to challenge the settlement Stipulation because she changed her mind or is now unhappy with the terms to which she agreed in October. See Leonard, 204 F. Supp. 2d at 788. "A unilateral change of heart by a party to a settlement agreement is not ground to set the settlement aside." Rowe, 2002 WL 1271679 at *4.

Because there are no material facts genuinely in dispute concerning the existence, or the terms, of the Stipulation, the Court should enforce the parties' fully executed Stipulation and enter judgment in Mr. Withrow's favor.

### Mr. Withrow should be Awarded Attorneys' Fees.

Mr. Withrow is entitled to reasonable attorneys' fees he expended as a result of bringing this motion. "The court has inherent discretionary power to award attorneys' fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In re Elonex, 2003 WL 21460391 at *3. In both In re Elonex and Leonard, Chief Judge Sleet awarded attorneys' fees for breaching an agreement to settle.

"'[R]efusal to abide by the terms of a settlement agreement can constitute bad faith, entitling the wronged party to attorneys' fees.'" <u>Id</u>.; <u>See also</u> <u>Leonard</u>, 204 F.Supp.2d at 789.  As a result of LeGro's breach of the Stipulation, Mr. Withrow has been required to pay attorneys' fees to Answer the Complaint, file a Crossclaim, and prepare this Motion - none of which would be necessary had LeGro not breached the Stipulation.  LeGro acted in bad faith and her actions were without justification.

62311 v1

## V.    CONCLUSION

For all the reasons stated above, James R. Withrow respectfully requests that the

Court grant his motion and enter and enforce the Stipulated Judgment and Order.

                                        SEITZ, VAN OGTROP & GREEN, P.A.

                                        /s/ Kevin A. Guerke
                                        JAMES S. GREEN (DE 0481)
                                        KEVIN A. GUERKE (DE 4096)
                                        222 Delaware Avenue, Suite 1500
                                        P.O. Box 68
                                        Wilmington, DE  19899
                                        (302) 888-0600
                                        Attorneys for Plaintiffs

DATED: December 10, 2007

62311 v1

# EXHIBIT "A"

## Kevin Guerke

**From:**    CHake [CHake@ashby-geddes.com]
**Sent:**    Wednesday, September 19, 2007 12:14 PM
**To:**      Kevin Guerke
**Subject:** United States Life Insurance Company in the City of New York v. Withrow et al; draft stipulated judgment and order

Kevin,

Following up on our conversation last week, attached for your review and comment is a draft Stipulated Judgment and Order.  We understand that Ms. LeGro wishes to enter into this arrangement, and thus are also sending a draft to her today for her review. Please review the draft and please let me know if you agree with the terms.

Also, following up on our call last week, US Life has agreed to give the defendants an extension of time to respond to the complaint until September 28th so the parties can review and finalize the Stipulated Judgment and Order.  If necessary, however, a further extension of time should not be a problem.

        Thanks.

            ~Carolyn

Carolyn S. Hake
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
e-mail:  chake@ashby-geddes.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 07-511 (***) |
| JAMES R. WITHROW and MYUNG PHAM LEGRO, | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED JUDGMENT AND ORDER

WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to obtain a Court determination as to the proper claimant to the life insurance benefits under the combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in the amount of $36,400.00 (the "Policy"); and

WHEREAS, US Life has been caused to expend approximately $2,850.00 in fees and expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance benefits under the Policy (the "Proceeds"); and

WHEREAS, the parties have agreed to settle this action by agreeing to this form of stipulated judgment (the "Stipulated Judgment"); and

WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.    Judgment is hereby entered in favor of Defendant James P. Withrow and against Defendant Myung Pham LeGro.

2.    US Life is entitled to reimbursement of costs and attorneys' fees in the amount of $2,850.00, which is to be paid out of the Proceeds.

3.    US Life is directed to disburse the remaining Proceeds under the Policy, amounting to $33,550.00, to James P. Withrow, solely.

4.    US Life is hereby discharged from any and all claims relating to or concerning the Policy and/or the Proceeds.

5.    Defendant James P. Withrow and Defendant Myung Pham LeGro are permanently enjoined from instituting any proceeding or action against US Life relating to or concerning the Policy and/or the Proceeds.

6.    The entry of this Stipulated Judgment shall constitute a final judgment in this action, provided however that the Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| _____ | _____ |
| Richard D. Heins (#3000) | Kevin A. Guerke (#4096) |
| Carolyn S. Hake (#3839) | 222 Delaware Avenue |
| 500 Delaware Avenue, 8th Fl. | Suite 1500, Box 68 |
| P.O. Box 1150 | P.O. Box 68 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 654-1888 | (302) 888-0600 |
| *Attorneys for United States Life Insurance Company in the City of New York* | *Attorneys for James P. Withrow* |

| Myung Pham LeGro<br><br><br>_____<br><br>2018 Maleady Drive<br>Herndon, Virginia 20170<br><br>*Myung Pham LeGro* | |

Dated:  September __, 2007

SO ORDERED this _____ day of _____, 2007.


_____
United States District Judge


184065.1

EXHIBIT "B"

## Kevin Guerke

| | |
|---|---|
| **From:** | CHake [CHake@ashby-geddes.com] |
| **Sent:** | Friday, September 21, 2007 4:03 PM |
| **To:** | Kevin Guerke |
| **Subject:** | RE: United States Life Insurance Company in the City of New York v. Withrow et al; draft stipulated judgment and order |

Kevin,

Although US Life's fees have been much higher than the amount requested in the judgment, to bring this matter to a close, we will agree to reduce our claim for attorneys' fees by 50%. A revised stipulated judgment is thus attached. I still haven't heard back from Ms. LeGro on the stipulated judgment that I forwarded earlier this week, however, I will send her this revised judgment for her review and approval.

Thanks and hope you have a good weekend.

   ~Carolyn

---

**From:** Kevin Guerke [mailto:kguerke@svglaw.com]
**Sent:** Friday, September 21, 2007 9:59 AM
**To:** CHake
**Subject:** RE: United States Life Insurance Company in the City of New York v. Withrow et al; draft stipulated judgment and order

Carolyn,

   The judgment looks fine, except for the amount of the attorneys' fees. Since it turned out there was not a fight over the proceeds, my client would like the fees reduced. If you will cut your fees in half, I think we can sign the order. Please let me know.

Thanks,
Kevin

Kevin A. Guerke
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
e-mail: kguerke@svglaw.com
tel: (302) 888-7607
fax: (302) 888-0606
--------------------------------------------------------------
The information contained in this message from Seitz, Van Ogtrop & Green, P.A. and any attachments are confidential and intended only for the named recipient(s). If you have received this message in error, you are prohibited from copying, distributing or using the information. Please contact the sender immediately by return e-mail and delete the original message. Thank you.

    -----Original Message-----
    **From:** CHake [mailto:CHake@ashby-geddes.com]
    **Sent:** Wednesday, September 19, 2007 12:14 PM
    **To:** Kevin Guerke
    **Subject:** United States Life Insurance Company in the City of New York v. Withrow et al; draft stipulated judgment and order

    Kevin,

12/5/2007

Following up on our conversation last week, attached for your review and comment is a draft Stipulated Judgment and Order.  We understand that Ms. LeGro wishes to enter into this arrangement, and thus are also sending a draft to her today for her review.  Please review the draft and please let me know if you agree with the terms.

Also, following up on our call last week, US Life has agreed to give the defendants an extension of time to respond to the complaint until September 28th so the parties can review and finalize the Stipulated Judgment and Order.  If necessary, however, a further extension of time should not be a problem.

        Thanks.

        ~Carolyn

Carolyn S. Hake
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
e-mail:  chake@ashby-geddes.com

# EXHIBIT "C"

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 21, 2007

***VIA FEDERAL EXPRESS***

Myung Pham LeGro
2018 Maleady Drive
Herndon, Virginia 20170

> Re: *The United States Life Ins. Co. in the City of New York v. James R. Withrow and Myung Pham LeGro; C.A. No. 07-511*

Dear Ms. LeGro:

Enclosed is the draft Stipulated Judgment and Order that I discussed with your husband on the telephone last week. Please review it and if you agree with the terms, please give me a call.

Also, as I indicated on the phone to your husband, I represent The United States Life Insurance Company in the City of New York's interests only and my sole advice to you is to obtain an attorney if you so desire. Based on my conversation with your husband, it is my understanding that you wish to enter into this arrangement. If I am not correct, please let me know immediately and US Life will proceed with this case.

Finally, US Life has agreed to give the defendants in this action an extension of time to respond to the Interpleader Complaint (and US Life's Motion for an Order authorizing payment of funds into Court, granting attorneys' fees and authorizing discharge from further liability and dismissal from action) until September 28, 2007 to allow the parties time to finalize and enter into the Stipulated Judgment and Order. In the event that the Stipulated Judgment and Order is not finalized prior to September 28th, we can discuss a further extension of time if necessary.

I look forward to hearing from you soon.

Very truly yours,

Carolyn Hake

Carolyn S. Hake

Enclosure
184400.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-511 (***) |
| | ) | |
| JAMES R. WITHROW and MYUNG PHAM LEGRO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED JUDGMENT AND ORDER

WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to obtain a Court determination as to the proper claimant to the life insurance benefits under the combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in the amount of $36,400.00 (the "Policy"); and

WHEREAS, US Life has been caused to expend approximately $1,425.00 in fees and expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance benefits under the Policy (the "Proceeds"); and

WHEREAS, the parties have agreed to settle this action by agreeing to this form of stipulated judgment (the "Stipulated Judgment"); and

WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.   Judgment is hereby entered in favor of Defendant James P. Withrow and against Defendant Myung Pham LeGro.

2.   US Life is entitled to reimbursement of costs and attorneys' fees in the amount of $1,425.00, which is to be paid out of the Proceeds.

3.   US Life is directed to disburse the remaining Proceeds under the Policy, amounting to $34,975.00, to James P. Withrow, solely.

4.   US Life is hereby discharged from any and all claims relating to or concerning the Policy and/or the Proceeds.

5.   Defendant James P. Withrow and Defendant Myung Pham LeGro are permanently enjoined from instituting any proceeding or action against US Life relating to or concerning the Policy and/or the Proceeds.

6.   The entry of this Stipulated Judgment shall constitute a final judgment in this action, provided however that the Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| <br><br>Richard D. Heins (#3000)<br>Carolyn S. Hake (#3839)<br>500 Delaware Avenue, 8th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br><br>*Attorneys for United States Life Insurance Company in the City of New York* | <br><br>Kevin A. Guerke (#4096)<br>222 Delaware Avenue<br>Suite 1500, Box 68<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600<br><br>*Attorneys for James P. Withrow* |

| Myung Pham LeGro | |
|---|---|
| _____ <br> 2018 Maleady Drive <br> Herndon, Virginia 20170 <br><br> *Myung Pham LeGro* | |

Dated:  September __, 2007


      SO ORDERED this _____ day of _____, 2007.


                          _____
                          **United States District Judge**

184065.1

# EXHIBIT "D"

Myung Pham LeGro
2018 Maleady Drive
Herndon, VA 20170
27 September 2007



Ashby and Geddes
500 Delaware Ave
PO Box 1150, Wilmington, DE 19899
Ms. Carolyn S. Hake

Case Number 07-511 ✗✗✗

Dear Ms. Hake:

I have told you that I intend to relinquish my right as beneficiary of my late sister's insurance policy, and I still plan to do so. However, before I sign the agreement you sent to me, I wish to be assured that you have had the form my sister signed naming me the beneficiary carefully examined. I have reason to suspect that it has been altered to mislead and to reflect that my sister signed it on the day before her death, when in fact I believe she signed it at least two days before she died. I have never seen the original "Group Insurance Beneficiary Designation," but I received, from a source unknown to me, a reproduced copy on which my sister's signature has been obliterated, and the date "5/23/07" has been entered and circled. This date does not appear to be in my sister's hand, and the date is wrong. I believe she signed it not later than the 22nd. You should be able to confirm this through the persons from Playtex who witnessed her signature.

I have enclosed my letter of 16 June to the insurance company, in which I accurately summarize the facts about the change of beneficiary that my sister executed at least two days before she passed away. Mr. Withrow's assertion that she was too heavily sedated to do this without my help and urging is terribly wrong, and he knows it. She was not heavily sedated until her final few hours of life. I have enclosed the altered form, which came in an envelope postmarked, "Wilmington." which also contained two letters from Mr. Withrow's lawyers.

I do not want to fight for this money, to endure the stress of a trial far from my home, or to see Mr. Withrow or Delaware ever again. But I do not believe he should profit from fraud or forgery. That is what I believe may be happening here. If you can assure me that the circled date, "5/23/07," was written on the original document by my sister, and that this has been confirmed by a qualified expert, I shall sign the agreement you sent to me.

Sincerely,

Myung Pham LeGro

cc: Clerk of the United States District Court, District of Delaware

# EXHIBIT "E"

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 4, 2007

***VIA FEDERAL EXPRESS***

Myung Pham LeGro
2018 Maleady Drive
Herndon, Virginia 20170

   Re: *The United States Life Ins. Co. in the City of New York v. James R. Withrow*
     *and Myung Pham LeGro; C.A. No. 07-511*

Dear Ms. LeGro:

   We write in response to your letter dated September 27, 2007, which we received on
October 1, 2007. In the letter, you request certain assurances from our client, The United States
Life Insurance Company in the City of New York ("US Life"), before you agree to sign the
Stipulated Judgment and Order.

   US Life is *not* in the position to provide any assurances to *either* Mr. Withrow *or* you in
this matter. Specifically, US Life is a mere stakeholder with no interest in the proceeds of Lisa
Withrow's life insurance benefits (the "Proceeds") under the policy Ms. Withrow had with US
Life (the "Policy"). Because Mr. Withrow and you both claimed the right to the Proceeds, US
Life brought the interpleader action in the District Court for the District of Delaware to
determine the proper claimant of the Proceeds.

   Furthermore, the enclosed Stipulated Judgment and Order was drafted entirely because
you (and your husband) indicated to me that you no longer wanted to challenge Mr. Withrow's
claim to the Proceeds. Based upon those telephone conversations, it was my understanding that
you wished to enter into this arrangement. If you no longer wish to sign the Stipulated Judgment
and Order, which is entirely your prerogative, this litigation will be necessary to resolve the
competing disputes over the Proceeds of the Policy. Please be further advised that US Life is
seeking reimbursement of its costs and attorneys' fees incurred in connection with the action.
*See Everitt v. Everitt*, Del. Supr., 146 A.2d 388, 393 (1958).

   To allow you time to decide how you would like to proceed and/or for you to retain
counsel, US Life also will agree to give you (and Mr. Withrow) a further extension of time until
November 1, 2007 to respond to the Interpleader Complaint (and US Life's Motion for an Order
authorizing payment of funds into Court, granting attorneys' fees and authorizing discharge from

Myung Pham LeGro
October 4, 2007
Page 2 of 2

further liability and dismissal from action (the "Motion")). I have enclosed a Stipulation and Order formalizing that extension for your signature (the "Stipulation of Extension"). If you agree to the terms of this document, please return it to me in the self-addressed, stamped envelope for filing with the Court.

In the event that you do not wish to sign the Stipulated Judgment and Order, your responses to US Life's Interpleader Complaint and Motion will be due to be filed with the Delaware District Court on November 1, 2007, assuming that the Stipulation of Extension is approved by the Court and no further extensions are granted.

Finally, as I indicated on the phone to your husband and you, we represent The United States Life Insurance Company in the City of New York's interests only and our sole advice to you is to obtain an attorney if you so desire.

We look forward to hearing from you soon.

Very truly yours,

Carolyn Hake

Carolyn S. Hake

Enclosures

cc: Kevin A. Guerke, Esquire (via hand delivery; w/encls.)
184633.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, )<br><br>Plaintiff, )<br><br>v. )<br><br>JAMES R. WITHROW and MYUNG PHAM LEGRO, )<br><br>Defendants. ) | C.A. No. 07-511 (***) |

### STIPULATED JUDGMENT AND ORDER

WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to obtain a Court determination as to the proper claimant to the life insurance benefits under the combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in the amount of $36,400.00 (the "Policy"); and

WHEREAS, US Life has been caused to expend approximately $1,425.00 in fees and expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance benefits under the Policy (the "Proceeds"); and

WHEREAS, the parties have agreed to settle this action by agreeing to this form of stipulated judgment (the "Stipulated Judgment"); and

WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.    Judgment is hereby entered in favor of Defendant James P. Withrow and against

Defendant Myung Pham LeGro.

2.    US Life is entitled to reimbursement of costs and attorneys' fees in the amount of

$1,425.00, which is to be paid out of the Proceeds.

3.    US Life is directed to disburse the remaining Proceeds under the Policy,

amounting to $34,975.00, to James P. Withrow, solely.

4.    US Life is hereby discharged from any and all claims relating to or concerning the

Policy and/or the Proceeds.

5.    Defendant James P. Withrow and Defendant Myung Pham LeGro are

permanently enjoined from instituting any proceeding or action against US Life

relating to or concerning the Policy and/or the Proceeds.

6.    The entry of this Stipulated Judgment shall constitute a final judgment in this

action, provided however that the Court shall retain jurisdiction over this matter

for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| _____ | _____ |
| Richard D. Heins (#3000) | Kevin A. Guerke (#4096) |
| Carolyn S. Hake (#3839) | 222 Delaware Avenue |
| 500 Delaware Avenue, 8th Fl. | Suite 1500, Box 68 |
| P.O. Box 1150 | P.O. Box 68 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 654-1888 | (302) 888-0600 |
| | |
| *Attorneys for United States Life Insurance Company in the City of New York* | *Attorneys for James P. Withrow* |

Myung Pham LeGro

_____

2018 Maleady Drive
Herndon, Virginia 20170

*Myung Pham LeGro*

Dated:  October __, 2007


SO ORDERED this _____ day of _____, 2007.


_____
United States Magistrate

184065.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES R. WITHROW and MYUNG PHAM LEGRO,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 07-511 (***)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED ORDER

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, that the date by which defendants must answer, move, or otherwise respond to the interpleader complaint in this matter is extended through and including November 1, 2007; and

IT IS HEREBY FURTHER STIPULATED AND AGREED, subject to the approval and order of the Court, that the date by which defendants must file and serve their answering briefs in opposition to plaintiff The United States Life Insurance Company in the City of New York's Motion for an Order Authorizing Payment of Funds into Court, Granting Attorneys' Fees and Authorizing Discharge from Further Liability and Dismissal from Action is extended through and including November 1, 2007.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| _____<br>Richard D. Heins (#3000)<br>Carolyn S. Hake (#3839)<br>500 Delaware Avenue, 8th Fl.<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>*Attorneys for United States Life Insurance<br>Company in the City of New York* | _____<br>Kevin A. Guerke (#4096)<br>222 Delaware Avenue<br>Suite 1500, Box 68<br>P.O. Box 68<br>Wilmington, DE  19899<br>(302) 888-0600<br><br>*Attorneys for James P. Withrow* |
| MYUNG PHAM LEGRO<br><br>_____<br>2018 Maleady Drive<br>Herndon, Virginia 20170<br>*Myung Pham LeGro* | |

Dated:  October __, 2007

SO ORDERED this _____ day of _____, 2007.

_____
United States Magistrate

184662.1

2

# EXHIBIT "F"

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 26, 2007

The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

<u>VIA ELECTRONIC FILING
& HAND DELIVERY</u>

Re: *The United States Life Ins. Co. v. James R. Withrow and Myung Pham LeGro*
    <u>C.A. No. 07-511 (***)</u>

Dear Judge Stark:

Enclosed for Your Honor's consideration is a proposed Stipulated Judgment and Order in the above-referenced matter. As Your Honor may note, Defendant Myung Pham LeGro is not represented by counsel. Based upon correspondence Ms. LeGro filed with the Court, further correspondence I received from Ms. LeGro, and Ms. LeGro's execution of the Stipulated Judgment and Order, it appears that Ms. LeGro would like to settle this matter despite her apparent belief that she has a bona fide claim to the proceeds of the life insurance policy at issue in this matter.

Your Honor has scheduled a teleconference for Wednesday, October 31, 2007 at 2:00 p.m. to address Plaintiff The United State Life Insurance Company in the City of New York's Interpleader Complaint and Motion to Deposit Funds. While I cannot be sure of the other parties' intentions in light of the proposed Stipulated Judgment and Order, I have circulated dial-in instructions to both Defendants for that call and am planning to participate in the scheduled teleconference if Your Honor would still like to hold the teleconference.

We are grateful for the Court's consideration of the proposed Stipulated Judgment and Order and are available at the Court's convenience should Your Honor have any questions.

Respectfully,

Carolyn Hake

Carolyn S. Hake (I.D. #3839)

Enclosure
cc:    Clerk of the Court (via electronic filing)
       Kevin A. Guerke, Esquire (via electronic mail; w/encl.)
       Myung Pham LeGro (via federal express; w/encl.)
185185.1

## Other Documents
1:07-cv-00511-*** United States Life Insurance Company in the City of New York v. Withrow
et al

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Hake, Carolyn on 10/26/2007 at 4:43 PM EDT and filed on
10/26/2007
**Case Name:**    United States Life Insurance Company in the City of New York v. Withrow et al
**Case Number:**    1:07-cv-511
**Filer:**
**Document Number:** 11

**Docket Text:**
Letter to The Honorable Leonard P. Stark from Carolyn S. Hake regarding proposed stipulated judgment
and order. (Attachments: # (1) Text of Proposed Order)(Hake, Carolyn)

**1:07-cv-511 Notice has been electronically mailed to:**

Carolyn Shelly Hake    chake@ashby-geddes.com, ctindall@ashby-geddes.com, nlopez@ashby-
geddes.com, rheins@ashby-geddes.com

**1:07-cv-511 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/26/2007] [FileNumber=466202-0
] [1bd17a3638f09c016678f084cfd5502ac46ec71c0dec001e6d18d11c6b38a7e2131
af07c3ba43a13881cceac41bd86a1e6e7eeea6521ad9836f638091ddc6215]]
**Document description:** Text of Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/26/2007] [FileNumber=466202-1
] [6bff5c7ab236b9847dbe3f3f0232aad9fa188ef7480592e66b41e12ac2499d4e041
f0ca9b10048cbcb7401651728be56a6c9552085341d1c02bc4618395a9e00]]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE<br>COMPANY IN THE CITY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. WITHROW and<br>MYUNG PHAM LEGRO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-511 (***) |

### STIPULATED JUDGMENT AND ORDER

WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to obtain a Court determination as to the proper claimant to the life insurance benefits under the combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in the amount of $36,400.00 (the "Policy"); and

WHEREAS, US Life has been caused to expend approximately $1,425.00 in fees and expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance benefits under the Policy (the "Proceeds"); and

WHEREAS, the parties have agreed to settle this action by agreeing to this form of stipulated judgment (the "Stipulated Judgment"); and

WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.  Judgment is hereby entered in favor of Defendant James P. Withrow and against Defendant Myung Pham LeGro.

2.  US Life is entitled to reimbursement of costs and attorneys' fees in the amount of $1,425.00, which is to be paid out of the Proceeds.

3.  US Life is directed to disburse the remaining Proceeds under the Policy, amounting to $34,975.00, to James P. Withrow, solely.

4.  US Life is hereby discharged from any and all claims relating to or concerning the Policy and/or the Proceeds.

5.  Defendant James P. Withrow and Defendant Myung Pham LeGro are permanently enjoined from instituting any proceeding or action against US Life relating to or concerning the Policy and/or the Proceeds.

6.  The entry of this Stipulated Judgment shall constitute a final judgment in this action, provided however that the Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| */s/ Carolyn S. Hake* | */s/ Kevin A. Guerke (#4096)* |
| Richard D. Heins (#3000)<br>Carolyn S. Hake (#3839)<br>500 Delaware Avenue, 8th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 | Kevin A. Guerke (#4096)<br>222 Delaware Avenue<br>Suite 1500, Box 68<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600 |
| *Attorneys for United States Life Insurance Company in the City of New York* | *Attorneys for James P. Withrow* |

Myung Pham LeGro

2018 Maleady Drive
Herndon, Virginia 20170

*Myung Pham LeGro*

Dated:  October 26, 2007


            SO ORDERED this _____ day of _____, 2007.


                                        _____
                                        United States Magistrate

184065.1

# EXHIBIT "G"



# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 12, 2007

*VIA FEDERAL EXPRESS*

Myung Pham LeGro
2018 Maleady Drive
Herndon, Virginia 20170

*VIA HAND DELIVERY*

Kevin A. Guerke, Esquire
Seitz, VanOgtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, Box 68
Wilmington, DE 19899

Re:   *The United States Life Ins. Co. in the City of New York v. James R. Withrow
and Myung Pham LeGro; C.A. No. 07-511*

Dear Ms. LeGro and Mr. Guerke:

Enclosed please find an Order from the District Court scheduling a teleconference for
Wednesday, October 31, 2007 at 2:00 p.m. with Magistrate Judge Stark to address Plaintiff's
Interpleader Complaint and Motion to Deposit Funds.

I have arranged the teleconference with Magistrate Judge Stark as a "dial-in"
teleconference. All participants therefore will need to call the designated dial-in number shortly
before 2:00 p.m. on October 31st in order to be included in the call with the Court.

Once you call the dial-in number, you will be asked for a code for this teleconference.
Upon entering the appropriate code, you will be added to the conference call. Once all
participants other than the Judge are on the line, the conference operator will add the Judge to the
call at 2:00 p.m. promptly. The dial-in number, and the participant code, are as follows:

> **Dial-in number:**   1-888-622-5357
> **Participant code:**   521196

Also, although the complaint and motion in this matter were originally served on
defendants in August, enclosed are additional copies of those pleadings for purposes of the
teleconference with the Court.

If you have any questions, please give me a call. Thanks.

Myung Pham LeGro and Kevin A. Guerke, Esquire
October 12, 2007
Page 2 of 2

Very truly yours,

Carolyn S. Hake

Enclosures

184921.1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

United States Life Insurance Company
in the City of New York,

           Plaintiff,

     v.

James R. Withrow and Myung Pham LeGro,

           Defendants.

:
:
:
:
:
:
:
:
:

Civ. No. 07-511***

## ORDER

At Wilmington this 11th day of **October, 2007**.

IT IS ORDERED that a teleconference has been scheduled for **Wednesday, October 31st, 2007 at 2:00 p.m.** with Magistrate Judge Stark to address Plaintiff's Interpleader Complaint (D.I. 1, filed 8/21/07) and Motion to Deposit Funds (D.I. 3, filed 8/27/07). **Plaintiff's counsel shall initiate the teleconference call to 302-573-4573.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order. If a party has not yet retained counsel and intends to do so, that party should obtain counsel in advance of the teleconference.

To the extent required, Plaintiff should serve Defendants with its Motion to Deposit Funds no later than October 17, 2007. Counsel and the parties, including any parties unrepresented by counsel, are required to review and be prepared to discuss Plaintiff's Interpleader Complaint and Motion to Deposit Funds during the teleconference.

_____
UNITED STATES MAGISTRATE JUDGE

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

; 0 7 – 5 1 1 –

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK

**(b)** County of Residence of First Listed Plaintiff _____ *
(EXCEPT IN U.S. PLAINTIFF CASES)

\* Plaintiff is a New York corporation

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard D. Heins, (#3000), Carolyn S. Hake (#3839), Ashby & Geddes, 500 Delaware Avenue, 8th Fl, P.O. Box 1150, Wilmington, DE 19899 (302) 654-1888

## DEFENDANTS

JAMES R. WITHROW and MYUNG PHAM LEGRO

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury— Med. Malpractice | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury — Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 330 Federal Employers' Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC § 1335 - interpleader action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
August 21, 2007

SIGNATURE OF ATTORNEY OF RECORD
Carolyn S. Hake

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE UNITED STATES LIFE INSURANCE           )
COMPANY IN THE CITY OF NEW YORK,           )
                                            )
            Plaintiff,                      )
                                            )                 07 - 511
            v.                              )    C.A. No. _____
                                            )
JAMES R. WITHROW and                        )
MYUNG PHAM LEGRO,                           )
                                            )
            Defendants.                     )
                                            )

## INTERPLEADER COMPLAINT

The United States Life Insurance Company in the City of New York ("US Life"), by and

through its undersigned attorneys, files this Interpleader Complaint pursuant to Fed. R. Civ. P. 22

and 28 U.S.C. § 1335, and alleges as follows:

### PARTIES

1.       US Life is incorporated under the laws of the State of New York.  US Life

provides Basic and Supplemental Group Life Insurance to certain qualified employees of Playtex

Products, Inc. ("Playtex") through a life insurance policy issued by US Life under group policy

number G-214756.

2.       Lisa P. Withrow was a Playtex employee prior to her death on May 24, 2007.  In

connection with her employment with Playtex, US Life issued a combined basic and

supplemental life insurance policy to Ms. Withrow in the amount of $36,400.00 (the "Policy").

3.       James P. Withrow was Ms. Withrow's husband at the time of her death and was

the sole named primary beneficiary under the Policy until the day prior to Ms. Withrow's death.

Upon information and belief, Mr. Withrow resides at 1077 Skeeter Neck Road, Frederica, Delaware 19946.

4.    Myung Pham LeGro is Ms. Withrow's sister and was the sole named primary beneficiary under the Policy at the time of Ms. Withrow's death. Upon information and belief, Ms. LeGro resides at 2018 Maleady Drive, Herndon, Virginia 20170.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1335. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

6.    Prior to her death, Ms. Withrow was employed by Playtex. Ms. Withrow was issued the Policy as a part of her employee benefits.

7.    On September 14, 1995, Ms. Withrow designated her husband, James R. Withrow, as the primary beneficiary of the Policy and her daughter, Victoria M. Withrow, as the contingent beneficiary of the Policy.

8.    On December 4, 2000, Ms. Withrow again designated her husband, James R. Withrow, as the primary beneficiary of the Policy. On that date, she also designated her daughter, Victoria M. Hudson, and her son, Michael J. Withrow, as joint secondary beneficiaries of the Policy.

9.    On May 23, 2007, the day prior to her death, Ms. Withrow signed a new beneficiary designation form for her Policy, which changed the primary beneficiary of the Policy from James R. Withrow to Myung Pham LeGro. This form purports to revoke the previous beneficiary designations, and does not name any secondary beneficiaries of the Policy.

10.    Ms. Withrow died on May 24, 2007.

2

11.    Since Ms. Withrow's death, James P. Withrow has notified US Life that he will contest any disbursement of Ms. Withrow's life insurance benefits under the Policy (the "Proceeds") to Myung Pham LeGro.  Among other things, Mr. Withrow has notified US Life that he will challenge the change of benefits, dated May 23, 2007, naming Ms. LeGro as the primary beneficiary and Ms. Withrow's competency to execute such a document.

12.    US Life is a mere stakeholder of the Proceeds under the Policy, which are still in US Life's possession.

12.    Both James P. Withrow and Myung Pham LeGro claim the right to the Proceeds.

13.    If US Life makes a distribution of the Proceeds to James P. Withrow it will be exposed to a lawsuit by Myung Pham LeGro.  Likewise, if US Life makes a distribution of the Proceeds to Myung Pham LeGro it will be exposed to a lawsuit by James P. Withrow. Accordingly, US Life is exposed to double or multiple liability in connection with the Policy and the Proceeds.

14.    US Life is prepared to deposit with the Court the sum of $36,400.00, as the Court may deem appropriate, until a determination can be made as to the proper claimant of these Proceeds.

WHEREFORE, US Life respectfully requests that the Court enter an order:

a.    authorizing the deposit of $36,400.00 with the Court;

b.    determining who between James P. Withrow and Myung Pham LeGro is entitled to the Proceeds;

c.    enjoining each of the defendants from instituting any action against US Life for any action relating to or concerning the Policy and/or the Proceeds;

d.    relieving and discharging US Life from any liability relating to or concerning any claim that might arise in connection with the Policy and/or the Proceeds; and

3

e.    awarding US Life its costs and attorney's fees incurred in connection with this
      action.

ASHBY & GEDDES

*Carolyn S. Hake*

Richard D. Heins (#3000)
Carolyn S. Hake (#3839)
500 Delaware Avenue, 8th Fl.
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for United States Life Insurance
Company in the City of New York*

Dated: August 21, 2007
183411.1

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    C.A. No. 07-511 |
| JAMES R. WITHROW and MYUNG PHAM LEGRO, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MOTION OF INTERPLEADER PLAINTIFF FOR AN ORDER:**
**(I) AUTHORIZING PAYMENT OF FUNDS INTO COURT; (II) GRANTING**
**ATTORNEYS' FEES; AND (III) AUTHORIZING DISCHARGE FROM FURTHER**
**LIABILITY AND DISMISSAL FROM ACTION**

The United States Life Insurance Company in the City of New York ("US Life"), by and through its undersigned attorneys, hereby submits this motion for an order: (I) authorizing payment of funds into Court; (II) granting US Life its attorneys' fees incurred in bringing this interpleader action; and (III) authorizing discharge of US Life from further liability and dismissal of US Life from the case. In support of this motion, US Life respectfully states as follows:

1. Plaintiff US Life issued a combined basic and supplemental life insurance policy to Lisa P. Withrow in the amount of $36,400.00 (the "Policy"). (D.I. 1 at ¶ 2).

2. Defendant James P. Withrow was Ms. Withrow's husband at the time of Ms. Withrow's death on May 24, 2007 and was the sole named primary beneficiary under the Policy until the day prior to her death. (D.I. 1 at ¶ 3).

3. Defendant Myung Pham LeGro is Ms. Withrow's sister and was the sole named primary beneficiary under the Policy at the time of Ms. Withrow's death. (D.I. 1 at ¶ 4).

4.  Since Ms. Withrow's death on May 24, 2007, Mr. Withrow has notified US Life that he will contest any disbursement of Ms. Withrow's life insurance benefits under the Policy (the "Funds") to Ms. LeGro.  (D.I. 1 at ¶ 4).  Among other things, Mr. Withrow has notified US Life that he will challenge the change of benefits, dated May 23, 2007, naming Ms. LeGro as the primary beneficiary and Ms. Withrow's competency to execute such a document.  (D.I. 1 at ¶ 4).

5.  US Life is a mere stakeholder of the Funds under the Policy.

6.  Since Ms. Withrow's death, both Mr. Withrow and Ms. LeGro have claimed a right to the Funds.

7.  On August 21, 2007, US Life brought this interpleader action in order to obtain a Court determination as to the proper claimant to the Funds.

8.  As of today, US Life has incurred approximately $2850.00 in costs and reasonable attorneys' fees in connection with bringing this action, which has included, among other things, drafting and filing the complaint, reviewing the file and correspondence among the parties, and research.  *See* Affidavit of Carolyn S. Hake, attached hereto as Exhibit A.

9.  US Life seeks authority, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 67, to deposit the Funds with the Clerk of the Court, less costs and reasonable attorneys' fees incurred by US Life in bringing this action.  Because US Life makes no claim to the Funds and seeks to deposit the Funds into Court, US Life is a disinterested stakeholder and is, therefore, entitled to its costs and reasonable attorneys' fees incurred in bringing this action.  *See Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, 1995 WL 675368, *1 (10th Cir. 1995); *United Bank of Denver, Nat'l Ass'n v. Oxford Props., Inc.*, 683 F. Supp. 755, 756-57 (D. Colo. 1988).

10. Pursuant to 28 U.S.C. § 2361, US Life further seeks to be dismissed from the case and discharged from any and all liability relating to or concerning the Policy and the Funds.

2

WHEREFORE, US Life respectfully requests that the Court enter an order:

a.     granting US Life $2850.00 in costs and reasonable attorneys' fees incurred in bringing this action;

b.     authorizing the deposit of the Funds with the Clerk of the Court, less costs and reasonable attorneys' fees awarded above, with the Clerk of the Court;

c.     dismissing US Life from the action; and

d.     discharging US Life from any claims relating to or concerning the Policy and the Funds.

ASHBY & GEDDES

*Carolyn Hake*

Richard D. Heins (#3000)
Carolyn S. Hake (#3839)
500 Delaware Avenue, 8th Fl.
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for United States Life Insurance Company in the City of New York*

Dated: August 27, 2007
183475.1

3

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1.

Pursuant to Local Rule 7.1.1, I hereby certify that, given that the defendants have not yet entered appearances in this matter, no discussion was attempted regarding plaintiff The United States Life Insurance Company in the City of New York's motion.

*Carolyn S. Hake*

Carolyn S. Hake

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| JAMES R. WITHROW and MYUNG PHAM LEGRO, | ) ) ) |
| Defendants. | ) ) ) |

C.A. No. 07-511

### ORDER

WHEREAS, The United States Life Insurance Company in the City of New York ("US Life"), in this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335, has filed its motion for an order: (I) authorizing the payment of funds into Court; (II) granting costs and attorneys' fees; and (III) authorizing discharge of US Life from further liability and dismissal of US Life from this action (the "Motion"); and

WHEREAS, US Life wishes to deposit the sum of $36,400.00, less its costs and reasonable attorneys' fees, with the Clerk of this Court; and

WHEREAS, the deposit of said Funds is authorized by Fed. R. Civ. P. 67 and subject to Order of the Court,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. US Life is entitled to reimbursement of costs and attorneys' fees in the amount of $2850.00.

2. The Clerk of the Court shall accept the sum of $33,550.00 from the plaintiff US Life.

3.    Within ten (10) days of receipt of the check representing payment of the aforesaid sum from the plaintiff US Life, the Clerk of the Court shall draw a check against the Registry of the Court in the amount of $33,550.00 made payable to Clerk, US District Court and deliver same to Citizens Bank, together with a certified copy of this Order.

4.    Upon receipt of said check by Citizens Bank, it shall be deposited in an interest bearing account to be opened in the name of "Office of the Clerk of US District Court, Delaware, Civil Action No. 07-511".

5.    The Clerk of the Court shall deduct, from the income earned on the investment, a fee, not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office, whenever such income becomes available for deduction in the investment so held and without further order of the Court.

6.    The funds deposited with the Citizens Bank shall remain on deposit until further order of the Court.

7.    US Life is hereby dismissed from this action and discharged from any and all claims relating to or concerning the Policy and the Funds.

Date: _____, __, 2007                    _____
                                              United States District Judge

183475.1

2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

THE UNITED STATES LIFE INSURANCE )
COMPANY IN THE CITY OF NEW YORK, )
                                    )
         Plaintiff,                 )
                                    )
         v.                     )    C.A. No. 07-511
                                    )
JAMES R. WITHROW and         )
MYUNG PHAM LEGRO,           )
                                    )
        Defendants.             )
                                    )

## <u>AFFIDAVIT OF CAROLYN S. HAKE</u>

Carolyn S. Hake, having been duly sworn according to law, deposes and says as follows:

1.     I am an associated with the firm of Ashby & Geddes and am an attorney of record

for the plaintiff, The United States Life Insurance Company in the City of New York ("US

Life").

2.     In connection with bringing and prosecuting this action, US Life has incurred

approximately $2850.00 in costs and attorneys' fees.

*(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)*

3.    These costs and fees have been incurred in connection with, among other things, drafting and filing the complaint, reviewing the file and correspondence among the parties, and research.

*Carolyn S Hake*

Carolyn S. Hake
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888

SWORN TO AND SUBSCRIBED before me this ___27___ day of August, 2007.

Notary Public

183526.1

## Motions

1:07-cv-00511-UNA United States Life Insurance Company in the City of New York v. Withrow et al

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by Hake, Carolyn on 8/27/2007 at 3:20 PM EDT and filed on 8/27/2007

**Case Name:**        United States Life Insurance Company in the City of New York v. Withrow et al
**Case Number:**      1:07-cv-511
**Filer:**            United States Life Insurance Company in the City of New York
**Document Number:** 3

**Docket Text:**
MOTION to Deposit Funds *into Court; Granting Attorneys' Fees; and Authorizing Discharge from Further Liability and Dismissal from Action* - filed by United States Life Insurance Company in the City of New York. (Attachments: # (1) Exhibit A# (2) Text of Proposed Order)(Hake, Carolyn)

**1:07-cv-511 Notice has been electronically mailed to:**

Carolyn Shelly Hake    chake@ashby-geddes.com, ctindall@ashby-geddes.com, nlopez@ashby-geddes.com, rheins@ashby-geddes.com

**1:07-cv-511 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/27/2007] [FileNumber=435590-0]
[2029cc58b92764dd92d04eb377bfa9f633eba99ab5a7eec07056b72c9f9829615383
712094b4c4d7e5810e944a702c9575709523fb7ae7712710ad39cc4237b8]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/27/2007] [FileNumber=435590-1]
[c86c26907b91b106d8abfa7195d3d2329f1708f15fa851d35adc7e91248ca718bd51
0cc78f106f0e5397c095e319d471441ee5259aa6cda59a238f0249312002]]
**Document description:**Text of Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/27/2007] [FileNumber=435590-2]

[9607d4a338d41255b83f393a730ac96ecd2d78c603448ccba017d4ca3bbdaa41a2b7
024462792dc9aeaa8cf6305ffa96132f3d08623430352cf91609dd839fc1]]

# EXHIBIT "H"

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

## 500 DELAWARE AVENUE

P. O. BOX 1150

### WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 9, 2007

**VIA FEDERAL EXPRESS**

Myung Pham LeGro
2018 Maleady Drive
Herndon, Virginia 20170

      Re:    *The United States Life Ins. Co. in the City of New York v. James R. Withrow*
           *and Myung Pham LeGro; C.A. No. 07-511*

Dear Ms. LeGro:

      We write in connection with the October 31, 2007 teleconference with Magistrate Judge Stark, which addressed, among other things, (a) Plaintiff's Interpleader Complaint; (b) Plaintiff's Motion for an Order authorizing payment of funds into Court, granting attorneys' fees and authorizing discharge from further liability and dismissal from action ("Plaintiff's Motion"); and (c) the Stipulated Judgment and Order. We also write to follow up on the Court's subsequent Order dated November 6, 2007.

      Prior to the October 31st teleconference with the Court, we had filed the fully executed Stipulated Judgment and Order with the Court and requested that the Court enter the Order. (*See* October 26, 2007 letter to the Court, another copy is attached as Ex. A). However, during the October 31st teleconference, Judge Stark, who is a magistrate judge as opposed to a District Court judge,[1] indicated that he could not enter the Stipulated Judgment and Order without all of the parties consenting to magistrate jurisdiction. The judge has since set a deadline of November 21, 2007 for the parties to execute and file the appropriate consent form provided by the Court. (*See* November 6, 2007 Order, another copy is attached as Ex. C, and Magistrate Consent Form, another copy is attached as Ex. D). If you consent to the jurisdiction of the magistrate judge to conduct any and all proceedings in this case, except mediation, including the trial, the entry of a final judgment, and all post-judgment proceedings, please execute and send the enclosed consent form, attached as Ex. D, directly to the Delaware District Court prior to November 21st, and also

---

[1] In accordance with the enclosed standing orders, this case was designated as one to be assigned to the judge who fills the vacancy left by the elevation of Judge Kent A. Jordan to the United States Court of Appeals for the Third Circuit. (*See* Standing Orders, attached as Ex. B). Pending assignment, the case was referred to Magistrate Judge Leonard P. Stark for all pretrial proceedings, pursuant to 28 U.S.C. § 636(b). (*Id.*).

Myung Pham LeGro
November 9, 2007
Page 2 of 2

mail a copy to counsel for Mr. Withrow, Kevin A. Guerke (c/o Seitz, VanOgtrop & Green, P.A., 222 Delaware Avenue, Suite 1500, Box 68, Wilmington, Delaware 19899), and to me.

Judge Stark also indicated during the teleconference that he was concerned about entering the Stipulated Judgment and Order without speaking or hearing from you directly. As you will recall, the Stipulated Judgment and Order was drafted entirely because you (and your husband) indicated to me that you no longer wanted to challenge Mr. Withrow's claim to the Proceeds. Based upon those telephone conversations, it was my understanding that you wished to enter into this arrangement. If that is still the case, please execute another copy of the Stipulated Judgment and Order and send it directly to the Delaware District Court with a cover letter indicating that it is your intention to execute this document because you no longer want to challenge Mr. Withrow's claim to the Proceeds. (An additional copy of the Stipulated Judgment and Order is attached as Ex. E). If you no longer wish to sign the Stipulated Judgment and Order, which is entirely your prerogative, this litigation will be necessary to resolve the competing disputes over the Proceeds of the Policy.

Furthermore, as you may recall, plaintiff had previously granted the defendants an extension to file responses with the Delaware District Court to plaintiff's Interpleader Complaint and Motion, until November 1, 2007. Plaintiff has agreed to give you a further extension of time to respond to the Interpleader Complaint (and Motion) until December 3, 2007 to allow you time to decide how you would like to proceed and/or for you to retain counsel. We can discuss a further extension of time if necessary.

Finally, as I have previously indicated, we represent The United States Life Insurance Company in the City of New York's interests only and our sole advice to you is to obtain an attorney if you so desire.

We look forward to hearing from you soon.

Very truly yours,

Carolyn S. Hake

Enclosures

cc: Kevin A. Guerke, Esquire (via e-mail & U.S. mail; w/encls.)
185692.1

# EXHIBIT A

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 26, 2007

The Honorable Leonard P. Stark
United States District Court
844 N. King Street
Wilmington, DE 19801

VIA ELECTRONIC FILING
& HAND DELIVERY

Re:    *The United States Life Ins. Co. v. James R. Withrow and Myung Pham LeGro*
       C.A. No. 07-511 (***)

Dear Judge Stark:

Enclosed for Your Honor's consideration is a proposed Stipulated Judgment and Order in the above-referenced matter. As Your Honor may note, Defendant Myung Pham LeGro is not represented by counsel. Based upon correspondence Ms. LeGro filed with the Court, further correspondence I received from Ms. LeGro, and Ms. LeGro's execution of the Stipulated Judgment and Order, it appears that Ms. LeGro would like to settle this matter despite her apparent belief that she has a bona fide claim to the proceeds of the life insurance policy at issue in this matter.

Your Honor has scheduled a teleconference for Wednesday, October 31, 2007 at 2:00 p.m. to address Plaintiff The United State Life Insurance Company in the City of New York's Interpleader Complaint and Motion to Deposit Funds. While I cannot be sure of the other parties' intentions in light of the proposed Stipulated Judgment and Order, I have circulated dial-in instructions to both Defendants for that call and am planning to participate in the scheduled teleconference if Your Honor would still like to hold the teleconference.

We are grateful for the Court's consideration of the proposed Stipulated Judgment and Order and are available at the Court's convenience should Your Honor have any questions.

Respectfully,

Carolyn Hake

Carolyn S. Hake (I.D. #3839)

Enclosure
cc:    Clerk of the Court (via electronic filing)
       Kevin A. Guerke, Esquire (via electronic mail; w/encl.)
       Myung Pham LeGro (via federal express; w/encl.)
185185.1

**Other Documents**
1:07-cv-00511-*** United States Life Insurance Company in the City of New York v. Withrow et al

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Hake, Carolyn on 10/26/2007 at 4:43 PM EDT and filed on 10/26/2007
**Case Name:**          United States Life Insurance Company in the City of New York v. Withrow et al
**Case Number:**        1:07-cv-511
**Filer:**
**Document Number:** 11

**Docket Text:**
Letter to The Honorable Leonard P. Stark from Carolyn S. Hake regarding proposed stipulated judgment and order. (Attachments: # (1) Text of Proposed Order)(Hake, Carolyn)

**1:07-cv-511 Notice has been electronically mailed to:**

Carolyn Shelly Hake    chake@ashby-geddes.com, ctindall@ashby-geddes.com, nlopez@ashby-geddes.com, rheins@ashby-geddes.com

**1:07-cv-511 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/26/2007] [FileNumber=466202-0
] [1bd17a3638f09c016678f084cfd5502ac46ec71c0dec001e6d18d11c6b38a7e2131
af07c3ba43a13881cceac41bd86a1e6e7eeea6521ad9836f638091ddc6215]]
**Document description:**Text of Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/26/2007] [FileNumber=466202-1
] [6bff5c7ab236b9847dbe3f3f0232aad9fa188ef7480592e66b41e12ac2499d4e041
f0ca9b10048cbcb7401651728be56a6c9552085341d1c02bc4618395a9e00]]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE UNITED STATES LIFE INSURANCE       )
COMPANY IN THE CITY OF NEW YORK,        )
                                        )
      Plaintiff,                      )
                                        )
          v.                          )      C.A. No. 07-511 (***)
                                        )
JAMES R. WITHROW and                    )
MYUNG PHAM LEGRO,                       )
                                        )
      Defendants.                     )
                                        )

## STIPULATED JUDGMENT AND ORDER

      WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in

the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22

and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to

obtain a Court determination as to the proper claimant to the life insurance benefits under the

combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in

the amount of $36,400.00 (the "Policy"); and

      WHEREAS, US Life has been caused to expend approximately $1,425.00 in fees and

expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance

benefits under the Policy (the "Proceeds"); and

      WHEREAS, the parties have agreed to settle this action by agreeing to this form of

stipulated judgment (the "Stipulated Judgment"); and

      WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

      IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.  Judgment is hereby entered in favor of Defendant James P. Withrow and against Defendant Myung Pham LeGro.

2.  US Life is entitled to reimbursement of costs and attorneys' fees in the amount of $1,425.00, which is to be paid out of the Proceeds.

3.  US Life is directed to disburse the remaining Proceeds under the Policy, amounting to $34,975.00, to James P. Withrow, solely.

4.  US Life is hereby discharged from any and all claims relating to or concerning the Policy and/or the Proceeds.

5.  Defendant James P. Withrow and Defendant Myung Pham LeGro are permanently enjoined from instituting any proceeding or action against US Life relating to or concerning the Policy and/or the Proceeds.

6.  The entry of this Stipulated Judgment shall constitute a final judgment in this action, provided however that the Court shall retain jurisdiction over this matter for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| /s/ Carolyn S. Hake | /s/ Kevin A. Guerke (#4096) |
| Richard D. Heins (#3000)<br>Carolyn S. Hake (#3839)<br>500 Delaware Avenue, 8th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 | Kevin A. Guerke (#4096)<br>222 Delaware Avenue<br>Suite 1500, Box 68<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600 |
| *Attorneys for United States Life Insurance Company in the City of New York* | *Attorneys for James P. Withrow* |

| Myung Pham LeGro | |
|---|---|
| *[signature]* | |
| 2018 Maleady Drive<br>Herndon, Virginia 20170 | |
| *Myung Pham LeGro* | |

Dated: October 26, 2007

SO ORDERED this _____ day of _____, 2007.

_____
United States Magistrate

184065.1

# EXHIBIT B

**CHake**

| | |
|---|---|
| **From:** | ded_nefreply@ded.uscourts.gov |
| **Sent:** | Wednesday, August 29, 2007 4:31 PM |
| **To:** | ded_ecf@ded.uscourts.gov |
| **Subject:** | Activity in Case 1:07-cv-00511-*** United States Life Insurance Company in the City of New York v. Withrow et al Case Assigned/Reassigned to Vacant Judgeship & Referred |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## District of Delaware

### Notice of Electronic Filing

The following transaction was entered on 8/29/2007 at 4:30 PM EDT and filed on 8/29/2007
**Case Name:**     United States Life Insurance Company in the City of New York v. Withrow et al
**Case Number:**     1:07-cv-511
**Filer:**
**Document Number:** 4

**Docket Text:**
[1:07-cv-511-***]: Please note that, in accordance with the attached standing orders, this case has been designated as one to be assigned to the judge who fills the vacancy left by the elevation of Judge Kent A. Jordan to the United States Court of Appeals for the Third Circuit. Pending assignment, the case has been referred to Magistrate Judge Leonard P. Stark for all pretrial proceedings, pursuant to 28 U.S.C. section 636(b). Please include ***, in place of the Judge's initials, after the case number on all documents filed. (rjb)

**1:07-cv-511 Notice has been electronically mailed to:**
Carolyn Shelly Hake chake@ashby-geddes.com, ctindall@ashby-geddes.com, nlopez@ashby-geddes.com, rheins@ashby-geddes.com

**1:07-cv-511 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/29/2007] [FileNumber=436842-0]
[b6293a840cf6a21372a644659595c7ddf405de2fb8b31e925561ea9819122ed65ba4
4ce00d096a0779f6b6895d12c8fd69f50706bfa9a56d1b7be3538e6b3c48]]

11/8/2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:  ASSIGNMENT OF CIVIL CASES TO UNITED STATES MAGISTRATE JUDGES  ) ) ) | Standing Order |

WHEREAS, there currently is a judicial vacancy and a continuing need to manage, pretrial, the caseload of the Court's fourth District Judge; and

WHEREAS, the Court's second United States Magistrate Judge will assume his responsibilities on or about August 6, 2007; and

WHEREAS, it is the goal of the Court to ensure a reasonable and fair allocation of assignments among the Court's two Magistrate Judges, consistent with the challenges facing the Court at any given time;

THEREFORE, at Wilmington this 29th day of June, 2007, pursuant to 28 U.S.C. § 636 and the rules of the Court;

IT IS ORDERED that:

1.  In the categories of civil cases labeled "General," "Patents/Trademarks" and "Securities," in addition to the random assignment of a United States District Judge to each such case:

a.  The Clerk of the Court shall initiate procedures which accomplish the following:

1).  The fifth such case in each of the above referenced categories of civil cases shall be automatically referred to United States Magistrate Judge Leonard

P. Stark.

   2). The fifteenth such case in each of the above referenced categories of civil cases shall be automatically referred to United States Magistrate Judge Mary Pat Thynge.

   b. The assigned District Judge shall designate the Magistrate Judge to hear and determine those pretrial matters as may be handled by a Magistrate Judge, consistent with 28 U.S.C. § 636.

  2. The cases already assigned to the "vacant judgeship" shall remain under the pretrial management of Judge Thynge. Effective the date of this order, and absent any conflicts, the even numbered civil cases randomly assigned to the "vacant judgeship" shall be automatically referred to Judge Thynge for pretrial management; the odd numbered civil cases randomly assigned to the "vacant judgeship" shall be automatically referred to Judge Stark for pretrial management.

  3. Any civil case not previously described above may be referred to a magistrate judge for purposes of exploring alternate dispute resolution ("ADR"). Effective the date of this order, and absent any conflicts, the even numbered of such civil cases shall be referred to Judge Thynge; the odd numbered of such civil cases shall be referred to Judge Stark.

  4. The above described assignment strategy shall be reviewed periodically by the Court.

5.  This order shall be effective August 6, 2007.


_____
Chief Judge Sue L. Robinson


_____
Judge Joseph J. Farnan, Jr.


_____
Judge Gregory M. Sleet


3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE:   JUDICIAL VACANCY

### STANDING ORDER

At Wilmington this 15th day of December, 2006, in order to keep intact a docket for the judge who fills the vacancy left by the elevation of the Honorable Kent A. Jordan to the United States Court of Appeals for the Third Circuit;

IT IS ORDERED that, pending the investiture of said judge:

1.  All civil cases previously assigned to Judge Jordan shall be reassigned to the vacant judicial position.  But for cases filed under 28 U.S.C. §§ 158, 1334, 2254, and 2255, all such civil cases, and all such cases henceforth assigned to the vacant judicial position, shall be referred to Magistrate Judge Mary Pat Thynge for all pretrial proceedings, pursuant to 28 U.S.C. § 636(b).

2.  To the extent resources permit, the judges of the court shall endeavor to keep cases moving forward toward resolution, including resolution by trial.

_____
United States District Judge

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

United States Life Insurance Company
in the City of New York,

                   Plaintiff,

      v.                            Civ. No. 07-511***

James R. Withrow and Myung Pham LeGro,

                   Defendants.

## ORDER

At Wilmington this 6th day of **November, 2007.**

IT IS ORDERED that any party or attorney that has yet to file a notice of appearance with the Court in the above-entitled matter and intends to do so should file an appearance no later than November 14, 2007.

IT IS FURTHER ORDERED that any party that consents to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636, shall execute and file the appropriate consent form provided by the Court (D.I. 2). Unless, no later than November 21, 2007, a consent or consents are filed by all parties who have entered an appearance, the Court will treat this as a matter in which the parties have not consented to magistrate jurisdiction.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT D

Case 1:07-cv-00•••  ***  Document 2  Filed 08/21/2007  Page 1 of 1
AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of **Delaware**

UNITED STATES LIFE INSURANCE COMPANY
in the City of New York,

Plaintiff,

V.

James R. Withrow and Myung Pham LeGro,

Defendants.

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:  07-511***

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____
Date

_____
United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE UNITED STATES LIFE INSURANCE            )
COMPANY IN THE CITY OF NEW YORK,            )
                                            )
      Plaintiff,                            )
                                            )
        v.                               )     C.A. No. 07-511 (***)
                                            )
JAMES R. WITHROW and                        )
MYUNG PHAM LEGRO,                           )
                                            )
      Defendants.                           )
                                            )

### STIPULATED JUDGMENT AND ORDER

     WHEREAS, on August 21, 2007, Plaintiff, The United States Life Insurance Company in

the City of New York ("US Life"), filed this interpleader action pursuant to Fed. R. Civ. P. 22

and 28 U.S.C. § 1335 against Defendants James P. Withrow and Myung Pham LeGro in order to

obtain a Court determination as to the proper claimant to the life insurance benefits under the

combined basic and supplemental life insurance policy that US Life issued to Lisa P. Withrow in

the amount of $36,400.00 (the "Policy"); and

     WHEREAS, US Life has been caused to expend approximately $1,425.00 in fees and

expenses in its attempt to determine which party was entitled to Ms. Withrow's life insurance

benefits under the Policy (the "Proceeds"); and

     WHEREAS, the parties have agreed to settle this action by agreeing to this form of

stipulated judgment (the "Stipulated Judgment"); and

     WHEREAS, the parties consent to this Court's entry of the Stipulated Judgment;

     IT IS HEREBY STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.    Judgment is hereby entered in favor of Defendant James P. Withrow and against

       Defendant Myung Pham LeGro.

2.    US Life is entitled to reimbursement of costs and attorneys' fees in the amount of

       $1,425.00, which is to be paid out of the Proceeds.

3.    US Life is directed to disburse the remaining Proceeds under the Policy,

       amounting to $34,975.00, to James P. Withrow, solely.

4.    US Life is hereby discharged from any and all claims relating to or concerning the

       Policy and/or the Proceeds.

5.    Defendant James P. Withrow and Defendant Myung Pham LeGro are

       permanently enjoined from instituting any proceeding or action against US Life

       relating to or concerning the Policy and/or the Proceeds.

6.    The entry of this Stipulated Judgment shall constitute a final judgment in this

       action, provided however that the Court shall retain jurisdiction over this matter

       for the purpose of enforcing this Stipulated Judgment among the parties.

| ASHBY & GEDDES | SEITZ VAN OGTROP & GREEN P.A. |
|---|---|
| _____ | _____ |
| Richard D. Heins (#3000)<br>Carolyn S. Hake (#3839)<br>500 Delaware Avenue, 8th Fl.<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888 | Kevin A. Guerke (#4096)<br>222 Delaware Avenue<br>Suite 1500, Box 68<br>P.O. Box 68<br>Wilmington, DE 19899<br>(302) 888-0600 |
| *Attorneys for United States Life Insurance Company in the City of New York* | *Attorneys for James P. Withrow* |

| MYUNG PHAM LEGRO | |
| --- | --- |
| _____ 2018 Maleady Drive Herndon, Virginia 20170 *Myung Pham LeGro* | |

Dated:  November __, 2007

SO ORDERED this _____ day of _____, 2007.

_____
United States Magistrate

184065.1

Myung Pham LeGro
2018 Maleady Drive
Herndon, VA 20170
27 September 2007



Ashby and Geddes
500 Delaware Ave
PO Box 1150, Wilmington, DE 19899
Ms. Carolyn S. Hake

Case Number 07-511 ⚡⚡⚡

Dear Ms. Hake:

I have told you that I intend to relinquish my right as beneficiary of my late sister's insurance policy, and I still plan to do so. However, before I sign the agreement you sent to me, I wish to be assured that you have had the form my sister signed naming me the beneficiary carefully examined. I have reason to suspect that it has been altered to mislead and to reflect that my sister signed it on the day before her death, when in fact I believe she signed it at least two days before she died. I have never seen the original "Group Insurance Beneficiary Designation," but I received, from a source unknown to me, a reproduced copy on which my sister's signature has been obliterated, and the date "5/23/07" has been entered and circled. This date does not appear to be in my sister's hand, and the date is wrong. I believe she signed it not later than the 22nd. You should be able to confirm this through the persons from Playtex who witnessed her signature.

I have enclosed my letter of 16 June to the insurance company, in which I accurately summarize the facts about the change of beneficiary that my sister executed at least two days before she passed away. Mr. Withrow's assertion that she was too heavily sedated to do this without my help and urging is terribly wrong, and he knows it. She was not heavily sedated until her final few hours of life. I have enclosed the altered form, which came in an envelope postmarked, "Wilmington." which also contained two letters from Mr. Withrow's lawyers.

I do not want to fight for this money, to endure the stress of a trial far from my home, or to see Mr. Withrow or Delaware ever again. But I do not believe he should profit from fraud or forgery. That is what I believe may be happening here. If you can assure me that the circled date, "5/23/07," was written on the original document by my sister, and that this has been confirmed by a qualified expert, I shall sign the agreement you sent to me.

Sincerely,

Myung Pham LeGro

cc: Clerk of the United States District Court, District of Delaware

USA FIRST-CLASS FOREVER

NO VA 220

29 SEP 2007 PM 3 L

Clerk
U.S. District Court
Boggs Federal Bldg
844 N. King St.
Wilmington, DE 19801

Colonel William E. LeGro
2018 Melody Drive
Herndon, VA 20170

U.S.A.

Myung Pham LeGro
2018 Maleady Drive
Herndon, Virginia 20170
16 June 2007



The United States Life Insurance Company
Neptune, NJ 07754
Reference: Group policy # G214756

Gentlemen:

    Enclosed you will find my claim as beneficiary of the life insurance policy of my sister, Lisa Withrow, who passed away, her frail hand in mine, on 24 May, 2007.  My sister's husband, James Withrow, has made some egregiously false statements about my sister and me and it is my duty to set the record straight.  In late April, Lisa underwent major abdominal surgery for cancer.  On 28 April my husband (Col. William E. LeGro, USA Ret.) and I drove up from our home in Virginia to visit her in the hospital.  Shortly after we returned home, we called Mr. Withrow to tell him that I would return to visit Lisa again soon because she was alone and very unhappy.  He told me to wait a few days because he was going to move her to a cancer recovery center in Wilmington.  I was so worried for my sister that I called him a day or so later and he told us that he and their daughter had moved Lisa to a nursing home because they could not care for her at home, although they certainly had the resources to do so.  My husband and I returned to Dover on the following weekend to visit her in the nursing home.  She was very sad, feeling that she had been left there to die, abandoned by her husband and family.  I assured her that if she were released, I would come up to stay with her in her home.  About two days later Mr. Withrow called and told me that Lisa had checked herself out of the nursing home, and he asked for my help.  The same day my husband drove me back to Delaware where I remained with my sister, night and day, until she died.

    I do not know when she made the decision to name me as beneficiary, but I recall clearly hearing her tell her husband that she was going to remove him as beneficiary.  I was staying with her every moment, day and night, sleeping on the floor beside her bed, and caring for her every need.  She told me that she was going to leave me a little money so I could continue to give money to her charities and help poor people in Vietnam, but she never told me how much money or how she was going to do it.  I told her that I did not want to make any trouble in her family over money, that all I wanted was for her to get well and to be able to travel again to Vietnam and help the people herself.  She said that her husband would get plenty of money from her other policy and investments and I should not worry about that; she knew how to handle it.

    One Friday in May—I believe it was the 11th—Mr. Withrow took her to conduct some business at the Social Security office.  I went along to help her, and I was in the back seat of the car when she told him that he didn't need the money from her policy, the one on which she paid $11 per month, and that she was going to change to beneficiary.  When we got home, she told me that she had asked someone at Playtex to mail a change-of-beneficiary form to her, and she asked me to check the mailbox for it.  It never came.

Her condition worsened and she was readmitted to the hospital. I moved into the hospital room with her, sleeping on the couch, helping her with her meals, keeping her clean, and comforting her as best I could, not even leaving her room for meals.

A few days after she was readmitted, a gentleman came to see her. She was sleeping at the time, so I asked him if he would like to wait until she awakened. He said that he could not but would come back again. Before he left he gave me brown envelope to give to my sister. I showed the envelope to my sister when she woke up. She looked at the paper inside, put it back in the envelope, and asked me to put it in my bag until she asked for it.

A day or so after the gentleman left, two ladies from Playtex came to visit. They apparently knew her well, for they embraced her and said some kind words to her. She asked me for the envelope, which I gave to her. The ladies helped my sister fill out the form. My sister asked me to give them my address and social security number, which I did. My sister signed the form, and I believe the ladies signed it as witnesses. Then the ladies said goodbye and left with the form.

I was too emotionally and physically exhausted to attend the funeral but several of my relatives were there, including my brother and two of my sisters. They told me that Mr. Withrow raged about the policy, accused me of forgery and fraud, and swore to make the two ladies (to whom I refer above) support his position in the matter, although they would have to perjure themselves to do so.

On 11 June, I received an envelope from Wilmington, Delaware. It has no return address so I don't know who sent it. It contained copies of two letters signed by an attorney engaged by Mr. Withrow to challenge my claim (should it be filed) and what appears to be an altered copy of the change-of-beneficiary form executed by my sister. (I have enclosed copies of these papers.) My sister's signature has been nearly completely wiped from the form, and it is possible that the date she signed it has been changed, because I believe she signed it at least two days before she died. In any case, the attorney's assertions that my sister was not competent to execute this change, that I "had" her make the change, are patently false and slanderous. She made the decision to name me beneficiary long before she was under any sedation, without discussing it with me, and she was fully aware when she signed the document and "competent" until her final hour. To refuse to honor her decision would dishonor her memory.

Lisa Withrow was a kind and generous person, a loving mother and a loyal and devoted wife. She worked tirelessly to improve the living standards of her family. She died with dignity and in full command of her faculties. It was her dying wish that I would continue her charities, helping the poorest people and children in Vietnam, which I shall do in her name whether or not I am awarded this benefit. I went to Delaware not to be rewarded, but because I loved my sister and wanted to help her live, and I remained with her to give her love and comfort as she endured pain and faced death.

Very sincerely yours,

Myung P. LeGro

Enclosed: Communications from Kevin Guerke
cc: Jennifer Warren

**SEALED DOCUMENT**

# *Playtex* Playtex Products, Inc.
## Group Life Insurance Beneficiary Designation

**1. PARTICIPANT INFORMATION**     (Please check one)   ☑ HOURLY   ☐ SALARIED   ☐ RETIREE

(please print clearly)

221 50 8894    Gentle she Yok Dover    00719    3/28/95
SOCIAL SECURITY NUMBER    LOCATION    EMPLOYEE NUMBER    DATE OF HIRE

Williams    Lisa    Hani    1/15/1942
LAST NAME    FIRST NAME    M.I.    DATE OF BIRTH

1077 Skeeter 20
STREET ADDRESS        APT. #

Fluorville    D:1    17146    ☑ MARRIED   ☐ SINGLE
CITY    STATE    ZIP CODE

**2. PRIMARY BENEFICIARY(IES)** I hereby designate the following person or persons as my primary beneficiary(ies) of my Group Life Insurance Benefits as payable by reason of my death.

1. Pham Legro Myung      100 %
NAME (Last, First, Middle)      PERCENT

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    1/12/1947    Sister
SOCIAL SECURITY NUMBER    DATE OF BIRTH    RELATIONSHIP

2018 Malady Dr Herndon VA 20170-415
STREET ADDRESS    CITY    ST    ZIP CODE

2. _____    ____ %
NAME (Last, First, Middle)    PERCENT

_____
SOCIAL SECURITY NUMBER    DATE OF BIRTH    RELATIONSHIP    **100%**

_____
STREET ADDRESS    CITY    ST    ZIP CODE    (Must total 100%)

☑ Check here if you would like to designate more than two primary beneficiaries and attach additional form(s).

**3. SECONDARY BENEFICIARY(IES)** In the event I am predeceased by all the primary beneficiaries designated above, I designate the following person or persons as secondary beneficiary(ies) of my Group Life Insurance Benefits:

1. _____    ____ %
NAME (Last, First, Middle)    PERCENT

_____
SOCIAL SECURITY NUMBER    DATE OF BIRTH    RELATIONSHIP

_____
STREET ADDRESS    CITY    ST    ZIP CODE

2. _____    ____ %
NAME (Last, First, Middle)    PERCENT

_____
SOCIAL SECURITY NUMBER    DATE OF BIRTH    RELATIONSHIP    **100%**

_____
STREET ADDRESS    CITY    ST    ZIP CODE    (Must total 100%)

☑ Check here if you would like to designate more than two secondary beneficiaries and attach additional form(s).

**4. SIGNATURE**
By submission of this completed form I hereby revoke any previous beneficiary designations on file.

X _____    5/23/07
SIGNATURE OF PARTICIPANT    DATE:

**For Office Use Only**

X ____Lisa Williams____    5/23/07
AUTHORIZED CORPORATE BENEFITS REPRESENTATIVE    DATE RECEIVED