IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK | : : : | |
| Plaintiff, | : : | |
| | : | Civil Action No.  07-511-LPS |
| v. | : : | |
| JAMES R. WITHROW and MYUNG PHAM LEGRO | : : : | |
| | : | |
| Defendant. | : | |

## MYUNG PHAM LEGRO'S ANSWER TO CROSSCLAIM AND CROSSCLAIM AGAINST WITHROW

Defendant Myung Pham LeGro, ("LeGro") by and through her undersigned counsel, hereby answers the Crossclaim of James R. Withrow ("Withrow") as follows:

1. Admitted upon information and belief.

2. Legro is without sufficient knowledge to affirm or deny the allegation.

3. Legro is without sufficient knowledge to affirm or deny the allegation.

4. It is admitted only that Legro cared for Mrs. Withrow.  This care began in April, not May, of 2007  The remaining allegations are denied.

5. Denied.

6. Denied.

7. It is admitted only that Legro stayed with Withrow at Kent General.  The remaining allegations are denied.

8. Denied.

9. Denied.

10. Denied.

11. Legro is without sufficient knowledge to affirm or deny the allegation.

12. Denied. Moreover, it is specifically denied that LeGro had Mrs. Withrow sign any form.

13. Denied.

14. Legro is without sufficient knowledge to affirm or deny the allegation.

15. Legro is without sufficient knowledge to affirm or deny the allegation.

## COUNT I

### TORTIOUS INTERFERENCE WITH CONTRACT

16. Legro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

17. This paragraph states a legal conclusion to which no response is required.

18. Denied.

19. Denied.

## COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Legro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

21. Denied.

22. Denied.

## COUNT III

### BREACH OF CONTRACT

23. Legro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

24. This paragraph states a legal conclusion to which no response is required.

25. This paragraph states a legal conclusion to which no response is required.

26. This paragraph states a legal conclusion to which no response is required.

## COUNT IV

### UNJUST ENRICHMENT

27. Legro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

## COUNT V [incorrectly marked IV]

### BREACH OF CONTRACT

31. Legro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

32. To the extent this paragraph alleges that Withrow is entitled to the proceeds of the Policy it is denied. The remaining allegations are admitted.

33. To the extent this paragraph alleges that Withrow is entitled to the proceeds of the Policy it is denied. The remaining allegations are admitted.

34. Legro is without sufficient knowledge to affirm or deny the allegation.

WHEREFORE, Defendant Myung Pham LeGro respectfully requests that this Court:

a. Dismiss Withrow's Crossclaim with costs assessed against Withrow;

b. Grant such other relief as this Court deems just and appropriate.

## CROSSCLAIM AGAINST JAMES R. WITHROW

1. LeGro was the sole named primary beneficiary under the Policy at the time of Ms. Withrow's death.

### COUNT I
### Unjust Enrichment

2. Withrow will be unjustly enriched if he receives the Policy proceeds, which will impoverish LeGro from her rightful claim to the Policy proceeds.

3. Withrow is without justification to receive and retain the Policy proceeds.

4. As a result of Withrow's actions, LeGro has suffered damage for which no remedy is provided at law.

### COUNT II
### Declaratory Judgment

5. LeGro repeats and incorporates by reference the averments set forth above as if fully set forth herein.

6. LeGro and Withrow's claim to the Policy creates an actual controversy to determine the sole primary beneficiary to the Policy between two interested parties.

7. The conflicting interests are real and adverse and the controversy is ripe for judicial determination.

8. LeGro seeks declaration that she is the sole primary beneficiary to the Policy and Withrow has no rights to the proceeds.

WHEREFORE, Defendant Myung Pham LeGro requests that this Court enter an Order,

    a.    Declaring that Defendant James R. Withrow has no claim to the Policy benefits, and that Defendant Myung Pham LeGro is the sole beneficiary under the Policy and entitled to receive the benefits;

    b.    Awarding LeGro compensatory damages against Defendant James R. Withrow, to include the costs of delay and the costs of this proceeding, including counsel fees, fees pad to US Life, as well as any other compensatory damages proved at trial;

    c.    Awarding such other relief as the Court deems just and proper.

**FOX ROTHSCHILD LLP**

/s/ Seth A. Niederman, Esquire
Seth A. Niederman, Esquire (No. 4588)
919 N. Market Street, Suite 1300
P.O. 2323
Wilmington, DE  19899-2323
Tel: (302) 622-4238 / Fax: (302) 656-8920
sniederman@foxrothschild.com

*Attorneys for Defendant,*
*Myung Pham Legro*

Dated: December 27, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certify that one (1) copies of the attached pleading was served this 27th day of December, 2007 on the following individuals by First Class Mail, postage prepaid:

>Carolyn S. Hake, Esquire
>ASHBY & GEDDES
>500 Delaware Avenue
>P.O. Box 1150
>Wilmington, Delaware  19899
>
>Kevin A. Guerke, Esquire
>SEITZ VAN OGTROP & GREEN, P.A.
>222 Delaware Avenue, Suite 1500
>P.O. Box 68
>Wilmington, Delaware  19899

>/s/ Seth A. Niederman, Esquire
>Seth A. Niederman, Esquire (No. 4588)